UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WAYNE LUKEFAHR, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:13-CV-111 SNLJ |
| ) | |
| DAN RIECKENBERG, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

This action for defamation was brought by plaintiffs against defendants Dan Rieckenberg and Gateway FS, Inc., in the Circuit Court of Perry County, Missouri, on June 14, 2013. Shortly thereafter, defendants removed the case to this Court because this Court had diversity jurisdiction under 28 U.S. C. § 1332. At that time, plaintiffs were citizens of Missouri, and defendants were all citizens of Illinois.

On February 18, 2014, plaintiffs amended their complaint to add as parties defendants Donna Wills and TG Missouri Corporation. Both new defendants are Missouri residents. Plaintiffs filed a motion to remand on April 3, 2014, because complete diversity of citizenship no longer existed between the parties.

Defendants have not responded, and the time for doing so has passed. The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus*., 823 F.2d 214, 216 (8th Cir. 1987). The party invoking federal jurisdiction bears the burden of showing that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). Any doubts about the

propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

Defendants here have not responded to the motion, so they do not suggest that the two newly-added defendants were fraudulently joined to defeat the Court's diversity jurisdiction. "Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). On the face of the complaint, plaintiffs appear to state a cause of action against the newly-added defendants, and the Court is required to remand this case back to the Circuit Court for Perry County pursuant to 28 U.S.C. § 1447.

Plaintiffs' motion to remand (#25) will be granted.

Dated this  16th  day of May, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE